# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**BARBARA BURGESON,**

**Plaintiff,**

-vs-                                         **Case No.  2:09-cv-220-FtM-36DNF**

**COLLIER COUNTY, TOM HENNING,
STAN CHRZANOWSKI, RUDY MOSS,**

**Defendants.**

_____

# ORDER

The Plaintiff, Barbara Burgeson filed a Motion to Compel Better Answers to Plaintiff's Third Request for Production to Defendant, Collier County (Doc. 139) on September 30, 2010, a Motion to Compel Collier County to Respond to Plaintiff's Request for Production No. 25 (Doc. 140) on October 6, 2010, and a Motion to Extend the Deadlines on the Scheduling Order (Doc. 141) on October 7, 2010.  The Defendant, Collier County filed a Motion for Protective Order (Doc. 142) on October 7, 2010 in response to the Motions to Compel, and the Plaintiff filed a response to the Motion for Protective Order (Doc. 145) on October 19, 2010.  The Defendants, Collier County, Tom Henning, Stan Chrzanowski, and Rudy Moss filed a Joint Response In Opposition to Plaintiff's Motion to Extend the Deadlines on the Scheduling Order (Doc. 144) on October 12, 2010, and the Plaintiff filed a Reply to Defendants' Joint Response in Opposition to Plaintiff's Motion to Extend the Deadlines on the Scheduling Order (Doc. 146) on October 19, 2010.  From a review of the filings by the parties, it is apparent that the parties continue to fail to cooperate in the discovery process.

-1-

The Plaintiff filed an Amended Complaint (Doc. 33) on June 5, 2009.  She brings claims against Collier County for equal pay, sexual harassment, retaliation under the Equal Pay Act, Title VII, and Fla. Stat. §760.10, and hostile work environment.  The Plaintiff argues that Collier County failed to provide the documents requested in her requests for production.

For discovery in general,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense of any party – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P.26(b)(1).


**I. Motion to Compel Collier County to Respond to Plaintiff's Request for Production No. 25 (Doc. 140)**

The Plaintiff is requesting that the Court compel Collier County to fully respond to Request No. 25.   Request No. 25 provides as follow:

> Any and all documents including but not limited to invoices; payments; billing records including HICFA 1500 forms; communications; e-mails; facsimiles; reports and/or recommendations to or from the Dr. Frederick Schaerf, M.D., PhD. relating to Plaintiff.

(Doc. 140, p. 4).  Collier County responded that it "will produce to the extent such items exist and are not work product or privileged documents."  (Doc. 140, p. 4).  Dr. Schaerf is attempting to conduct an Independent Mental Examination of the Plaintiff.  The Plaintiff is requesting the documents surrounding the Independent Mental Examination.  Collier County responds that it has produced all

of the documents relating to Request No. 25, with the exception of Dr. Schaerf's final report. Collier County argues that it does not have to disclose its expert reports until December 15, 2010, pursuant to Order (Doc. 117). The Order (Doc. 117) entered on July 15, 2010, extended Collier County's expert disclosure deadline to December 15, 2010. Since the deadline to disclose expert reports is not until December 15, 2010, the Court will not require Collier County to produce the report of Dr. Schaerf prior to that date. The Plaintiff cannot circumvent the scheduling dates in the case by propounding requests for production. Further, Collier County asserts that the Plaintiff has not completed the Independent Mental Examination and according to Dr. Schaerf, the Plaintiff refuses to complete the Independent Mental Examination. (See, Doc. 142, p. 2). The Court finds it unfathomable that the Plaintiff is asking for a report that she is preventing from being completed due to her actions. Although not before the Court, the Court cautions the Plaintiff that she shall cooperate and complete her Independent Mental Examination in a timely manner. Therefore, the Motion to Compel (Doc. 140) is due to be denied.

## II. Motion to Compel Better Answers to Plaintiff's Third Request for Production to Defendant, Collier County (Doc. 139)

The Plaintiff asserts that Collier County failed to provide complete responses to Request Nos. 26, 27, 28, and 29.

Request No. 26 provides as follows:

Produce all documents relating to the salary, reclassification, pay raises given or denied, pay grade and/or hourly wage of all CDES employees that are in Zoning, Engineering, Environmental, Comprehensive Planning, and all Principal Environmental Specialists in Collier County with pay grades 21 or above from January 2005 through the date of this request (including employees no longer with Collier County) including their official job title and duties and the dates of their employment.

Request No. 27 provides as follows:

Produce all documents relating to the salary, reclassification, pay raises given or denied, pay grade and/or hourly wage of, previously identified comparators, Rhonda Watkins, Maura Kraus, Susan Mason, Melissa Hennig and Stephen Lang from January 2005 through the date of this request (including if no longer with Collier County) including their official job title, duties and the dates of their employment.

Collier County responded to Request No. 26 by providing a spreadsheet which contained the "name, 'salary, reclassification, pay raises given or denied, pay grade, and official job title of all CDES employees that are in Zoning, Engineering, Environmental, Comprehensive Planning and all Principal Environmental Specialists in Collier County with pay grades 21 or above from January 2005 through the date of the request (including employees no longer with the County).'" (Doc. 142, p. 2).  The only item not contained in the spreadsheet was the list of job duties for each employee.  Collier County responded to Request No. 27 by providing a spreadsheet which contained the "'salary, reclassification, pay raises given or denied, pay grade and/or hourly rate of, previously identified comparators, Rhonda Watkins, Maura Kraus, Susan Mason, Melissa Hennig and Stephen Lang from January 2005 through the date of this request (including if no longer with Collier County) including their official job titles and the dates of their employment.'" (Doc. 142, p. 3).

Collier County asserts that these spreadsheets are complete responses to the Requests for Production with the exception of the list of job duties.  Collier County asserts that it will provide a list of job duties for Request Nos. 26 and 27, however, the Plaintiff must pay to have Collier County employees gather the information and pay for the copies of documents.  In response to Request No. 26, Collier County claims that it will take two days to retrieve the boxes from storage and an additional three dates to locate the files, and copy the requested records.  Collier County estimates that

the cost will be $1,120.08 for staff time, and 15¢ per page for copies.  The Plaintiff filed a reply[1] which argues that it is incomprehensible that Collier County's Human Resources Department does not have a list of job descriptions for employee positions.  The Plaintiff also argues that the rate charges per hour by Collier County to retrieve these documents is $46.67 per hour which is much more than the $32.29 per hour that Collier County submitted in the Affidavit (Doc. 91) of Amy Lyberg on April 16, 2010.  Further, the Plaintiff argues that Collier County provided spreadsheets instead of the documents requested and did not provide any information as to how these spreadsheets were compiled so that the Plaintiff could determine the reliability and accuracy of the spreadsheets.

After considering the arguments of counsel, the Court determines that the Plaintiff is entitled to discover how the spreadsheets were compiled.  The Court will require Collier County to explain **in detail** where the information on the spreadsheets was derived.  The Court agrees with the Plaintiff that it is incomprehensible that Collier County does not have a list of job descriptions for each of its employees and that it would take five days to find and provide job descriptions.  Therefore, the Court will require Collier County to provide job descriptions in response to Request Nos. 26 and 27 at no cost to the Plaintiff, but will require the Plaintiff to pay for copies of the documents produced.

Request No. 28 provides as follows:

> Provide copies of all receipts for paid annual maintenance of the continued use of the Archer Matrix System, the contract for purchase and the rights of the copyrighted Archer System license and evidence that all the above was paid in full.

The Plaintiff asserts that Collier County claims that the Archer Matrix System was used to determine a person's pay grade.  Collier County objects arguing the documents related to the Archer

---

[1]  In the future, the Plaintiff must ask for leave to file a reply pursuant to Local Rule 3.01(c) of the Local Rules for the Middle District of Florida.

Matrix System are not relevant.  The Plaintiff asserts that Collier County listed the Archer Matrix System in its defense in the EEOC claim in this case.  Over its objection, Collier County has produced all the documents it has located regarding the Archer Matrix System.  The Court determines that Request No. 28 is relevant as Collier County has mentioned the Archer Matrix System in its defense in the EEOC claim.  However, Request No. 28 is overly broad as the Plaintiff has failed to limit the request to a certain period of time.  Therefore, the Court will require Collier County to respond fully to Request No. 28, and provide all documents that relate to the Archer Matrix System in use.  The time frame will be limited to January 2007 through January 2009. (The dates were determined by the allegations in the Amended Complaint of the alleged inequality in pay and the date of the Plaintiff's employment ended, see Doc. 126, ¶10, 14, 15).

Request No. 29 provides as follows:

Provide copies of all communications regarding HR staff recommendations and County Manager's approvals for all CDES employee, with a pay grade of 21 or higher, changes to job titles, pay grades and salary (both increases and decreases) from January 2005 through January 2009.

The Plaintiff argues that this information is relevant.  Collier County responds that it will provide the information if the Plaintiff is willing to pay approximately $3,733.60 for staff time, and 15¢ per page for copies.  Collier County did not cite to any law which places the burden on the Plaintiff for the costs of obtaining the documents.  Therefore, the Court will require Collier County to provide the documents at no cost to the Plaintiff, but will require the Plaintiff to pay for the costs of copying the documents.

### III.  Motion to Extend the Deadlines on the Scheduling Order

The Plaintiff is requesting that the deadlines in the case be extended for six months on the basis that the Motions to Compel may not be ruled on for many months.  This Order determines the outstanding discovery motions with the exception of the most recent Motion to Compel (Doc. 147) filed by Collier County which is not ripe.  The discovery deadline is not until January 31, 2011, and the Plaintiff's disclosure of expert reports is not until December 1, 2010.  The Court will not extend the deadlines at this time.

### IT IS HEREBY ORDERED:

1) The Motion to Compel Collier County to Respond to Plaintiff's Request for Production No. 25 (Doc. 140) is hereby **DENIED**.

2)  The Motion to Compel Better Answers to Plaintiff's Third Request for Production to Defendant, Collier County (Doc. 139) and Motion for Protective Order (Doc. 142) are **GRANTED in part and DENIED in part** as provided above.  Withing twenty-one (21) days from the date of this Order, Collier County shall file complete responses as indicated above to the Plaintiff's Third Request for Production.

3) The Motion to Extend the Deadlines on the Scheduling Order (Doc. 141) is hereby **DENIED**.

3) The Court denies any request for sanctions at this time.  The parties continue to be unable to cooperate in their discovery and the Court finds that both parties must bear the burden of added expenses due to their lack of cooperation.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida this   27th   day of October, 2010.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record